UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM DOYLE,<br><br>        Plaintiff,<br><br>  v.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>        Defendant. | CASE NO. C06-5392BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant's Motion for Protective Order (Dkt. 33). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein and finds that matters raised in the motion are suitable for disposition without oral argument.

**I. BACKGROUND**

The facts in this case, according to the amended complaint, are as follows: Plaintiff William Doyle has been employed with Defendant BNSF Railway Company ("BNSF") for most of his adult life. Mr. Doyle alleges that he is permanently handicapped as a result of noise-induced hearing loss and that BNSF is liable in negligence, under the Federal Railroad Safety Act of 1994, and under the Federal Employers' Liability Act. Dkt. 7 at 2-5.

ORDER - 1

BNSF now moves for entry of a "protective order preventing disclosure of information in discovery that is subject to a Confidentiality Order entered on July 8, 1993, by Judge Hillebrand in the Circuit Court for the Twentieth Judicial Circuit of Illinois, St. Clair County Illinois." Dkt. 33 at 1. BNSF contends that Interrogatory 7 and Requests for Production 64 and 70-73 seek information subject to the Confidentiality Order. Dkt. 34 at 5.

In 1992, Burlington Northern Railroad Company[1] filed suit in Illinois against various insurers to determine whether the company's insurance policies provided liability coverage for noise-induced hearing loss. Dkt. 34 at 2. As part of that action, a Confidentiality Order was entered. Dkt. 35, Exh. 1 at 6. The Confidentiality Order survives the termination of the Illinois litigation. *Id.* at 12. The Confidentiality Order permitted the parties to that litigation to designate materials as protected and to file such information with the court under seal. *Id.* at 8. The designation of materials as "protected" indicates only that the materials are to be treated as protected and not that the materials are indeed confidential, proprietary, or otherwise entitled to protection. *Id.* at 12 ("Nothing in this Order shall be construed in any way as a finding that the 'PROTECTED MATERIAL' does or does not constitute or contain proprietary information, trade secrets or other sensitive material."). The Confidentiality Order also provided that such material could not be used in any other litigation or for any other purpose except upon further order of the Illinois court. *Id.* at 9. The Confidentiality Order does not apply to documents or information received outside of the discovery process in the Illinois litigation. *Id.* at 11. The Confidentiality Order specifically provides that the privilege or confidentiality, if any, of such information is to be determined without respect to the Confidentiality Order. *Id.* at 11-12.

BNSF now contends that certain discovery requests in this action seek information governed by the Confidentiality Order. Dkt. 34 at 4. BNSF asks that the Court either issue a protective order preventing disclosure of information protected under Judge Hillebrand's

---

[1] Burlington Northern Railroad Company later merged with the Sante Fe Railway Company to form BNSF. Dkt. 34 at 3 n.1.

ORDER - 2

Confidentiality Order or order Mr. Doyle's counsel to seek modification of the Confidentiality Order in Illinois. *Id.* at 5.

## II. DISCUSSION

There is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is justified by the interests of citizens and newspapers in keeping a watchful eye on the operation of government. *Id*. at 598. Access to judicial records is not an absolute right, however. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172, 1178 (9th Cir. 2006). A narrow class of documents, grand jury transcripts and warrant materials during pre-indictment investigations, has traditionally been subject to secrecy for important policy reasons and is therefore not subject to the right of public access. *Id.*

Protective orders may conflict with the right of access to the judicial records and therefore require a showing of good cause:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the *movant has in good faith conferred or attempted to confer* with other affected parties in an effort to resolve the dispute without court action, and for *good cause* shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
>
> (5) that discovery be conducted with no one present except persons designated by the court;
>
> (6) that a deposition, after being sealed, be opened only by order of the court;

ORDER - 3

> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
>
> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
>
> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed. R. Civ. P. 26(c) (emphasis added). Pursuant to the Local Rules of the Western District of Washington, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." Local Rule CR 37(a)(2)(A). The extent of the parties' efforts to resolve this discovery dispute before seeking judicial intervention is not entirely clear.

In this case, BNSF seeks a protective order solely on the basis that certain discovery requests by Mr. Doyle are governed by the Confidentiality Order entered in the Illinois litigation. *See* Dkt. 34. This Court is not the first to decide the extent to which the Confidentiality Order governs discovery in other cases. In March of 2001, Duane Larson filed suit against BNSF in United States District Court for the District of Minnesota claiming occupational hearing loss. *Larson v. Burlington Northern Sante Fe Ry. Co.*, No. 01-cv-00527-JNE-RLE. The plaintiff sought to compel responses to certain discovery requests and sought "leave to review documents produced in the case of <u>Burlington Northern Railroad Company, a corporation v. Aetna Casualty & Surety Company, et al.</u>, No. 92 MR 164 ('the Illinois Action'), which is venued in the Circuit Court of the Twentieth Judicial Circuit of Illinois, in St. Clair County, Illinois." Dkt. 35, Exh. 2 at 16. The Minnesota court declined to lift the Confidentiality Order to permit review of documents produced subject to the Confidentiality Order. *Id.* at 19-20. Other discovery requests were denied on other grounds. *Id.*

Counsel for Mr. Larson also attempted to lift the Confidentiality Order by intervening in the Illinois litigation and seeking relief from that court. Dkt. 35, Exh. 2 at 18. While Mr. Larson was permitted to intervene, the Illinois court declined to lift the Confidentiality Order, noting

ORDER - 4

that the order denying the plaintiff's motion was not "intended to restrict in any way the authority of any other court of competent jurisdiction to make such orders respecting discovery as may be authorized by the jurisdiction of such court." *Id.*; Dkt. 35, Exh. 4 at 37. BNSF contends that Mr. Doyle's discovery requests are an attempt to circumvent the Confidentiality Order. As explained more fully below, the Court will not modify or contravene the Confidentiality Order but is not persuaded that the discovery requests referenced in BNSF's motion implicate the Confidentiality Order.

**A.     EFFECT OF CONFIDENTIALITY ORDER**

The documents produced through discovery in this case may be the same as those produced in the Illinois litigation pursuant to the Confidentiality Order, and such materials may, or may not, be entitled to protection under Federal Rule of Civil Procedure 26(c) or satisfy the requirements of Local Rule CR 5(g). Because the parties to the Illinois action simply stipulated to the Confidentiality Order, it is unclear whether the parties first made a particularized showing justifying issuance of a protective order or the filing of documents under seal, and the Court declines to infer that the Illinois court's issuance of the Confidentiality Order implies a finding of "extraordinary justification" as requested by BNSF. *See* Dkt. 52 (Reply) at 4.

Nevertheless, to the extent that Mr. Doyle's requests are governed by the Confidentiality Order, an issue addressed below, this Court is not the proper forum for disputing the propriety of the Confidentiality Order. The Confidentiality Order clearly would bar the use, before this Court, of materials designated as protected and received in the course of discovery in the Illinois action. *See* Dkt. 35, Exh. 1. The only means of avoiding this effect of the Confidentiality Order are (1) challenging the designation of material as "protected" under paragraph 12 on page 7 of the Confidentiality Order, (2) seeking amendment of the Confidentiality Order under paragraph 16 on page 8 of the Confidentiality Order, or (3) asking the Illinois court to vacate or otherwise lift the Confidentiality Order. *See* Dkt. 35, Exh. 1 at 12-13. Utilizing any of these avenues would promote principles of comity and due process, allowing the court that issued the Confidentiality

ORDER - 5

Order to review the order and allowing parties to the Confidentiality Order an opportunity to respond to Mr. Doyle's attempts to modify or lift the order.

**B.    APPLICABILITY OF CONFIDENTIALITY ORDER**

Having determined not to disturb the Confidentiality Order, the Court now addresses BNSF's contention that information responsive to Mr. Doyle's discovery requests is governed by the Confidentiality Order. BNSF asks this Court to conclude that Interrogatory 7 and Requests for Production 64, 70, 71, and 72[2] are governed by the Confidentiality Order and to follow the approach of the Minnesota court and decline to lift the Confidentiality Order. As explained more thoroughly below, the discovery requests referenced in the motion evidence an attempt to engage in discovery before this Court and are therefore materially different from the denied request made in *Larson* and are not governed by the Confidentiality Order. To hold that the Confidentiality Order bars such discovery would contravene the express limitation of the Confidentiality Order:

> Nothing in this Order shall be construed in any way to control the use, dissemination, publication or disposition by a party (a) of documents or information existing in the files of that party, as a result of previous discovery, prior to the date of the Confidentiality Order, or (b) of documents or information received at any time by that party outside the course of the discovery process in this litigation.

Dkt. 35, Exh. 1 at 11. Because it is not clear that Mr. Doyle's discovery requests seek information or documents designated as protected under the Confidentiality Order and received by BNSF through discovery in the Illinois action, BNSF fails to demonstrate that Mr. Doyle's attempts to engage in discovery before this Court implicate the Illinois Confidentiality Order.

Interrogatory 7 is as follows:

> Has BNSF maintained that it has insurance coverage for past and current employee hearing loss claims? If so, describe in detail all such insurance policies, dates of alleged coverage, identity of insurance carriers, basis for your claim for

---

[2] BNSF's motion also lists Request for Production 73 as a disputed discovery request but mistakenly recites the language of Request for Production 72. Dkt. 34 at 5. It appears that BNSF has responded to Request for Production 73 and does not object to that particular request. *See* Dkt. 35 at 46 ("Defendant has already responded to this Request for Production."). The Court therefore assumes that inclusion of this request in the memorandum filed in support of the Motion for Protective Order was a typographical error.

ORDER - 6

> coverage, claim numbers relating to BNSF's request for coverage, captions and locations of lawsuits filed on behalf of BNSF for coverage, the status of insurance coverage and related lawsuits, the names of any BNSF witnesses deposed in any such lawsuit, and any agreements between BNSF and its carriers relative to the claims for coverage.

Dkt. 35, Exh. 5 at 40. The only aspect of this interrogatory that appears to seek information that may have been produced pursuant to the Illinois Confidentiality Order is the request for "the names of any BNSF witnesses deposed in any such lawsuit." BNSF has not offered evidence that information responsive to this request was designated protected and was therefore within the Confidentiality Order.

Similarly, Request for Production 72 seeks "[a]ll agreements between BNSF and any insurance carrier regarding the carrier's obligation to cover hearing loss claims including without limitation any buy-back agreements." Dkt. 35, Exh. 6 at 46. This discovery request does not seek information designated as protected and produced in the Illinois litigation and is instead a proper attempt to engage in discovery in this case.

Other discovery requests potentially seek production of materials that are subject to the Confidentiality Order, but BNSF does not demonstrate that such materials are in fact governed by the Confidentiality Order. Request for Production 64 is as follows:

> All depositions and sworn affidavits of BNSF management officials, experts, medical personnel, and corporate representative [sic] on topics relating to hearing conservation program [sic], hearing assessments of employee [sic], sound level monitoring on the job site, workplace noise abatement and insurance coverage and claims.

Dkt. 35, Exh. 6 at 44-45. Request for Production 70 seeks production of "[a]ll insurance policies which BNSF claims or has claimed provides coverage of hearing loss claims." *Id.* at 45. Request for Production 71 seeks "[a]ll litigation filed by BNSF for insurance coverage of hearing loss claims." *Id.* BNSF's responses to these requests indicate only that "*BNSF* designated *certain* documents pursuant to this Confidentiality Order." *Id.* at 45 (emphasis added). BNSF's motion and accompanying memorandum similarly fail to disclose whether information subject to Mr. Doyle's discovery requests was actually designated as protected pursuant to the Confidentiality

ORDER - 7

1 Order and not received by BNSF outside the course of the discovery process in the Illinois
2 litigation.

3       The Court notes that BNSF does not base its request for a protective order on any of the
4 other objections asserted in its responses to Mr. Doyle's discovery requests. *See* Dkt. 35, Exh. 5-
5 6. As detailed above, the disputed discovery requests referenced in Defendant's Motion for
6 Protective Order (Dkt. 33) are not clearly governed by the Confidentiality Order.

7       Having determined that information responsive to the disputed discovery requests is not
8 clearly governed by the Confidentiality Order, the question remains whether information
9 responsive to other discovery requests may be governed by the Confidentiality Order. The Court
10 cannot definitively rule on discovery requests not referenced in BNSF's motion. The Court
11 notes, however, that the applicability of the Confidentiality Order appears to be far narrower than
12 contemplated by BNSF. The mere fact that Plaintiff is seeking information in Defendant's
13 corporate records, information that may have also been produced and labeled "protected" in the
14 Illinois litigation, does not *a priori* render such records protected from disclosure by the
15 Confidentiality Order. Under the terms of the Confidentiality Order, such records are not
16 protected if they were received outside of the discovery process in the Illinois litigation. The
17 Court is aware that discovery in this case has been contentious and difficult. It is hoped that the
18 foregoing interpretation of the Confidentiality Order will assist the parties in conducting
19 discovery in this case. The parties are strongly encouraged to work together and to utilize
20 stipulations and conference calls with chambers before moving the Court to resolve future
21 discovery disputes.

22 **III. ORDER**

23       Therefore, it is hereby

24       **ORDERED** that Defendant's Motion for Protective Order (Dkt. 33) is **GRANTED** as
25 provided herein and as follows: Defendant shall not be required to produce any information in
26 this action that is otherwise subject to the Confidentiality Order entered July 8, 1993 by Judge
27 Hillebrand of the Circuit Court for the Twentieth Judicial Circuit of Illinois, St. Clair County,
28 ORDER - 8

Illinois, in the matter captioned <u>Burlington Nothern Railroad Company v. AETNA Casualty & Surety Company, et al.,</u> Civil No. 92 MR 164, unless and until such time as the Illinois Circuit Court lifts or modifies said Confidentiality Order or determines that information subject to the Confidentiality Order does not constitute or contain proprietary information, trade secrets, or other sensitive information deserving of protection.

DATED this 19th day of September, 2007.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge

ORDER - 9